# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES of AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 15-cr-30168-NJR-02 |
|  | ) |  |
| RYAN MICHAEL KOCH, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

**PROUD, Magistrate Judge:**

Defendant Ryan Michael Koch was released on bond on August 10, 2018, pending a hearing on the government's motion to revoke his supervised release. The conditions of defendant's bond required, among other things, that he participate in a program of inpatient or outpatient substance abuse therapy and counseling as directed. See, Doc. 152.

This matter is now before the court on the Government's *Ex Parte* Motion to Revoke Bond, **Doc. 168**. The Court held a hearing on the Motion on September 17, 2018.

18 U.S.C. § 3148 mandates that an order of revocation and detention be entered if the Court:

> (1) finds that there is–
>    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>    (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that–
>    (A) based on the factors set forth in section 3142(g) of this title, there is

> no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly. 18 U.S.C. § 3148(b).

The government alleges that defendant violated the conditions of his release by failing to participate as directed in a residential substance abuse treatment program. Defendant was unsuccessfully discharged from the program on September 10, 2018. Defendant did not contest the government's motion.

Based upon the information presented, the Court finds by clear and convincing evidence that defendant has violated the conditions of his release. The Court finds, based on the factors set forth in 18 U.S.C. §3142(g), that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other person or the community. This Court finds that it is highly unlikely that he would abide by any condition or combination of conditions of release which could be devised.

**IT IS THEREFORE ORDERED** that the Government's Motion to Revoke Bond, **Doc. 168** is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant, Ryan Michael Koch, be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with his counsel; and, that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceedings.

**IT IS SO ORDERED.**

DATED: September 17, 2018.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**